UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATRINA M. WADE,

          Plaintiff,

vs.                              Case No. 2:11-cv-604-FtM-29SPC

LT. TURNEY, Head of Classification,
SUPERVISOR MAKEAWSKI and OFFICER
JOHNSON,

          Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the Amended Complaint (Doc. #7, Amended Complaint), filed November 8, 2011.[1] Katrina Wade, a pro se plaintiff, initiated this action while detained in the Charlotte County Jail by filing a Civil Rights Complaint (Doc. #1, Complaint), pursuant to 42 U.S.C. § 1983, and attached exhibits consisting of inmate grievances and responses thereto.[2] Plaintiff seeks leave to proceed in forma pauperis in this action. See Doc. #2.

---

[1] The Court ordered Plaintiff to file an Amended Complaint and directed the Clerk of Court to mail Plaintiff a section 1983 civil rights complaint form. Doc. #5. Instead, the Clerk mailed Plaintiff the civil rights complaint form for "FCCC" plaintiffs. See Amended Complaint at 1. The two forms are virtually the same. So, the Court will not direct Plaintiff to file a Third Amended Complaint as a result of clerical error.

[2] Plaintiff attached her inmate grievances and responses thereto to her initial Complaint only and did not re-attach the copies of the grievances to her Amended Complaint. The Court, however, will consider these grievances part of the Amended Complaint when reviewing this action.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, inter alia, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal

Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii).  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.³  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face.  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).  A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 556 U.S. ___, 129 S. Ct. at 1949.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  Twombly, 550 U.S. at 556.  Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

---

³As noted supra, Plaintiff seeks leave to proceed in forma pauperis in this action.  Doc. #2.  Thus, the Complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**II.**

Plaintiff files this action against Defendants who are employed at the Charlotte County Jail alleging violations of her constitutional rights stemming from her 30-day placement in administrative confinement based on a "false" disciplinary report. See Amended Complaint. Under the "statement of claim" section on the Complaint, Plaintiff writes "sexual discriminat[ion]." Id. at 5. Plaintiff specifically names "Lieutenant Turney," "Supervisor Makeawski," and "Officer Johnson" as Defendants. Id. at 1.

Plaintiff alleges that on September 20, 2011, she was placed in confinement by Defendants Lieutenant Turney and Makeawski for the charge of threatening Officer Hall. Id. at 6. Plaintiff claims that she never threatened Officer Hall and never received a disciplinary report for this infraction. Id. Plaintiff submits that she only asked Defendant Johnson if she could be placed in an area of the jail away from Officer Hall, after Hall testified

"against her" in court. Id. at 5-6. Plaintiff requests the following relief:

> Stop being harass [sic] knowing I never threat [sic] any officer[.]
> Stop being discriminated [sic] continue [my] education class[.]
> Bring my custody level back to yellow[.]
> Invesiagation [sic] should have taken place[.]
> An apolog[y] for false allegation especially when Officer Johnson said I never threat an officer.
> To be left alon[e] and let me to do [sic] my time as an inmate.

Id. at 7.

**III.**

Liberally construing the Amended Complaint, the Court finds that Plaintiff, as a pretrial detainee, is entitled to the protections of the Fourteenth Amendment.[4] Although the Eighth Amendment's proscriptions apply only to convicted prisoners, it is well settled that the "applicable standard" of the Eighth Amendment is the same under the due process clause of the Fourteenth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005); Cottrell v. Caldwell, 85 F.3d 1480. 1490 (11th Cir. 1996). Indeed, the Supreme Court has previously recognized that the Fourteenth Amendment rights of general population pretrial detainees are not any different than those of convicted prisoners.

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights,

---

[4]Contrary to Plaintiff's statement of claim as "sexual discrimination," the Amended Complaint contains no factual allegations whatsoever regarding sexual discrimination.

> a retraction justified by the considerations underlying our penal system. The fact of confinement as well as the legitimate goals and policies of the penal institution limits these retained constitutional rights. There must be a mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application. This principle applies equally to pretrial detainees and convicted prisoners. A detainee simply does not possess the full range of freedoms of an unincarcerated individual.

Bell v. Wolfish, 441 U.S. 520, 545-46 (1979)(citations and internal quotations omitted).

To the extent Plaintiff raises issues with her classification status or inability to attend education classes, it is a long held axiom that "by virtue of their convictions, inmates must expect significant restrictions, inherent in prison life, on rights and privileges free citizens take for granted." McKune v. Lile, 536 U.S. 24, 40 (2002)(citing Meachum v. Fano, 427 U.S. 215, 225 (1976) and Hewitt v. Helms, 459 U.S. 460. 467, n.4 (1983)). A prisoner's classification level based on the institution's custodial classification system does not create a liberty interest because "the decision where to house inmates is at the core of prison administrators' expertise." McKune, 536 U.S. at 39. Similarly, "an inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before." West v. Higgins, 346 F. App'x 423, 426 (11th Cir. 2009)(citing McKune, 536 U.S. at 39-40). See also, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Wilkerson v. Stalder, 329 F.3d

431, 436 (5th Cir. 2003)(citations omitted); Solliday v. Federal Officer, 413 F. App'x 206, 210 (11th Cir. 2011). Thus, because Plaintiff does not have an established due process interest in her classification and its corresponding restrictions, the Court finds that Defendants, as a matter of law, cannot be found to have violated Plaintiff's due process rights because they changed her classification from "level yellow" and because she was unable to attend educational classes.

Additionally, to the extent Plaintiff raises a claim stemming from her 30-day placement in disciplinary confinement for which she did not receive a disciplinary report, Plaintiff's exhibits attached to her Complaint contradict her allegations. Plaintiff's inmate grievances and responses thereto, attached to Plaintiff's Complaint, reveal that she received a disciplinary report, she had a hearing at which she plead not guilty, and the disciplinary hearing team found her guilty of the disciplinary infraction. See Pl's grievances, Doc. #1-1 at 1. Although Plaintiff does not state that she seeks expungement of the false disciplinary report, such a claim would be barred by Heck v. Humprey, 512 U.S. 477, 486-87 (1994). A claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added). The United States Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, 643-649 (1997); Roberts v. Wilson, 2007 WL 4336446 (11th Cir. 2007)(affirming district court's § 1915(e)(B)(2)(ii) dismissal of an action pursuant to Heck when plaintiff alleged deprivations of his due process rights during a disciplinary hearing, but never had the disciplinary adjudication invalidated). In this case, Plaintiff does not allege that the disciplinary report was overturned or expunged. Based on the foregoing reasons, the Court finds this action subject to dismissal under § 1915.

In closing, this dismissal counts as one of Plaintiff's three "strikes" under 28 U.S.C. § 1915(g). Plaintiff is cautioned that

-8-

if, while "incarcerated or detained in any facility," she files on three occasions "an action or appeal in a court of the United States that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted," she may not thereafter file suit in federal court without prepaying the filing fee (which now stands at $350.00) unless she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff wishes to appeal this dismissal, she must file a notice of appeal in this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). And, if the appellate court denies Plaintiff appellate relief on one of the grounds listed in § 1915(g), Plaintiff will accumulate another "strike" for purposes of § 1915(g).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's complaint is **DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).**

2. Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is **DENIED.**

3. The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __16th__ day of November, 2011.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record